VELARIE COON et al.

v.

H. CLAY WILSON, Trustee.

*Opinion filed October 23, 1906.*

1. HOMESTEAD—*a deed to wife not signed by her does not pass title to homestead.* Under section 4 of the Exemption act a deed from husband to wife, not signed by the latter, to premises occupied as a homestead, does not pass title to the homestead estate unless possession is abandoned or given pursuant to the conveyance.

2. SAME—*when possession is given pursuant to the conveyance.* Possession of a homestead estate under a deed not signed by the wife is given pursuant to the conveyance, within the meaning of section 4 of the Exemption act, whenever the possession would not have been delivered except for the conveyance and no other reason appears for the delivery of possession, no matter what length of time or what circumstances intervene between the execution of the deed and the delivery of possession.

3. BANKRUPTCY—*when title to homestead does not rest in trustee in bankruptcy.* Where, after execution of a deed from husband to wife, based on valuable consideration, conveying the homestead premises to the wife but not signed by her, the parties continue to reside upon the premises for some nine years, after which they vacate the property, which is then rented to tenants by the wife until she sells the property and executes a bond for deed in which the husband joins, the title to the homestead estate is vested in the wife, and not in the husband's trustee in bankruptcy appointed in a proceeding begun after the bond for deed was executed and possession delivered to the purchaser.

APPEAL from the Circuit Court of Mason county; the Hon. T. N. MEHAN, Judge, presiding.

On March 10, 1893, Reuben G. Coon, being then the owner in fee simple of certain real estate in Mason City, Illinois, executed and delivered to his wife, Velarie Coon, a warranty deed purporting to convey said premises to her for the expressed consideration of $1000. At the time of the execution and delivery of said deed Reuben G. Coon and

his wife were occupying the real estate described in said deed as a homestead. The deed was acknowledged by Coon and contained a release and waiver of the right of homestead, but was not subscribed or acknowledged by Velarie Coon. It was recorded in the recorder's office of Mason county on March 11, 1893.

The transactions leading up to the execution of the deed to Velarie Coon were these: Reuben G. Coon was indebted to Delilah Slade, the mother of Velarie Coon, upon a promissory note for $800, which was past due. He was also indebted to one Albert Cross upon a note in the sum of $425. Delilah Slade transferred the note held by her to Velarie Coon, with the understanding that the amount thereof should be deducted from that portion of her estate which, upon her death, would pass to Velarie Coon. Thereupon Reuben G. Coon offered to convey to his wife the premises above referred to if she would cancel the note held by her against him, which, with interest, then amounted to $1040, and would pay to Albert Cross the money due upon the note held by him. This offer was accepted, the note for $800 was canceled, the note held by Albert Cross was paid by the wife, and Reuben G. Coon executed and delivered to her the deed above mentioned.

Reuben G. Coon and his wife continued to reside upon the premises described in the deed until sometime during the month of May, 1902, when Velarie Coon purchased of her sisters their undivided interests in a farm near Mason City which had passed to her and her sisters upon the death of their mother, and Mrs. Coon, with her husband, moved upon the farm, where they have since resided. After moving to the farm Velarie Coon rented the premises in Mason City to various tenants and collected the rents therefrom as her individual property.

On October 29, 1903, Velarie Coon sold the real estate in Mason City to F. M. Castleberry and Thomas Howell for $1300, and delivered to them a bond for a deed, signed by

herself and husband. Castleberry and Howell gave to Velarie Coon a note for the full amount of the purchase price and paid $150 down, which was credited on the note. The subsequent payments made upon the note amount to $90.60.

On April 8, 1904, Reuben G. Coon was adjudged a bankrupt, upon his own petition, by the United States District Court for the Southern District of Illinois. H. Clay Wilson, the appellee, was appointed trustee of the estate of the bankrupt. On June 1, 1904, Wilson, as such trustee, filed a bill in the circuit court of Mason county for the partition of the said real estate in Mason City, alleging that Reuben G. Coon was, at the time he was adjudged a bankrupt, the owner in fee simple of said real estate to the extent in value of $1000; that upon the appointment and qualification of complainant as trustee he became vested with all title and interest of said bankrupt in said premises, and that complainant, as such trustee, is now the owner of said premises to the extent in value of $1000 and that Velarie Coon owns the excess in said premises over $1000. The bill also alleged that Castleberry and Howell are tenants in possession of the premises, and they, together with Velarie Coon and Reuben G. Coon, were made defendants to the bill.

Each defendant filed an answer to the bill. By her answer Velarie Coon denied that the complainant had any title to any portion of said realty, and averred that the title to the whole thereof was in herself and in Castleberry and Howell, who were in possession of the premises under a contract made by them with her for the purchase of the same. Replications were filed to the answers.

The cause was heard by the court and a decree was entered finding that at the time Reuben G. Coon executed and delivered the deed to his wife, the husband and wife were occupying the premises described in the deed as a homestead, and that Reuben G. Coon never delivered possession thereof to his wife pursuant to said deed of conveyance, but that he abandoned the same as his residence and homestead in May,

1902, not, however, for the purpose of giving effect to said deed; that at the time Reuben G. Coon was adjudged a bankrupt he was the owner in fee simple of said premises to the extent in value of $1000, and that upon such adjudication and the appointment and qualification of Wilson as trustee all the right, title and interest of Reuben G. Coon in the premises became vested in Wilson, as trustee; that the title of said trustee is free and clear of any and all right, title, interest, claim or demand of Velarie Coon, Frank M. Castleberry and Thomas Howell, and that Velarie Coon is the owner of the remainder of the premises over and above that part which is vested in Wilson as trustee, subject, however, to the rights and equities of Castleberry and Howell. The decree awarded partition in accordance with the rights of the parties as found by the decree. All of the defendants to the bill join in an appeal from that decree, and urge as a ground for reversal that appellee had no title whatever to any part of the premises.

W. A. COVEY, for appellants.

BROWN, WHEELER, BROWN & HAY, and NORTRUP & WILLIAMS, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

For a valuable and adequate consideration Coon conveyed the real estate, which was occupied by himself and wife as a homestead, to his wife by deed in 1893. By the provisions of section 4 of the Exemption act that deed, not having been subscribed and properly acknowledged by the wife, was inoperative as to the homestead estate unless possession was abandoned "or given pursuant to the conveyance." After the conveyance was made, Coon, with his wife, continued to reside on the premises until May, 1902, when they took up their abode elsewhere, and thereafter

this property was occupied by tenants, who rented from the wife, until October 29, 1903, when she sold the real estate to Castleberry and Howell, who immediately went into possession, taking a bond for a deed signed by both Coon and his wife, but which recites that the purchase was made from the wife. It is apparent that prior to the time when Velarie Coon's vendees entered into the premises under their contract of purchase the possession of the property had been given to her by her husband, and that she had received such possession at or subsequent to the time when she and her husband ceased to occupy the realty as a place of residence. Whether that possession had been given "pursuant to the conveyance" is a question which must be here determined.

Appellee contends that the execution and delivery of the conveyance, and the delivery of possession in pursuance thereof, which are contemplated by the statute, must be one and the same transaction; that the delivery of possession must be so near in point of time to the execution and delivery of the conveyance as to show one continuous transaction, or that when delivery is long deferred such future delivery must have been contemplated and provided for by the parties to the conveyance at the time of the execution and delivery thereof.

Appellee relies principally upon certain expressions used by this court in the cases of *Eldridge* v. *Pierce,* 90 Ill. 474, *Willard* v. *Masterson,* 160 id. 443, *Gray* v. *Schofield,* 175 id. 36, *Davis* v. *McCullouch,* 192 id. 277, and *Strayer* v. *Dickerson,* 205 id. 257. It is conceded by counsel for the trustee, however, that neither of these authorities is directly in point. The question here presented did not arise in either case, and for that reason the language relied upon should not control.

In our judgment, possession is "given pursuant to the conveyance" when it is given by reason or on account of the conveyance having been made, and not by reason or on account of some other circumstance. If the possession would

not have been delivered except for the making of the conveyance, and no adequate reason appears for the possession being delivered except the making of the conveyance, then the possession is to be regarded as having been given pursuant to the conveyance, no matter what length of time or what circumstances intervene the execution of the deed and the change in the possession.

Velarie Coon entered into possession of the premises by virtue of the deed made to her by her husband, and it does not appear from the evidence in this record that the transfer of the possession from him to her was occasioned by anything which would lead to a change in the possession other than the execution of that deed. Whenever the possession was given pursuant to the conveyance the deed became operative as to the homestead estate, and having been so given at a time prior to the date when the petition in bankruptcy was filed, the title vested in Velarie Coon at such prior time, and did not pass to the trustee by virtue of the bankruptcy proceedings.

Section 4 of the Exemption act does not require that the possession should be given within any particular time after the execution of the deed or that the delivery of the possession should be so connected with the execution and delivery of the deed as to be regarded as a part of the same transaction, and there is no warrant for reading such provisions into this law.

Appellee was without title to any part of the premises described in the bill, and for this reason the decree of the circuit court will be reversed and the cause remanded to that court, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*