OLIVE VENTERS

*v.*

JAMES WICKENS *et al.*

*Opinion filed December 22, 1906.*

1. HOMESTEAD—*extent of homestead cannot be enlarged by act of parties.* Parties to a deed cannot, by agreement, increase the extent of the homestead estate which is within the protection afforded by statute relating to execution and acknowledgment of the deed.

2. SAME—*when deed passes title except as to homestead estate.* A deed to the grantor's grandson, reserving to the grantor and his wife, or the survivor, a life estate in the land as a homestead, but not signed by the wife, the clause releasing the homestead estate being stricken out, passes title to the land to the grantee except as to a homestead estate of the value of $1000.

3. SAME—*what is not an abandonment of homestead pursuant to deed.* Removal from the farm in which the grantor in a deed to his grandson has reserved a life estate as a homestead and in which the statutory homestead estate was not released as required by law, and the purchase of a home in town for the grantor and his wife, is not an abandonment of the homestead estate in pursuance of the deed, where the grantor, though not the actual occupant of the farm, still retained possession up to the time of his death.

4. SAME—*abandonment must be pursuant to deed.* To pass the homestead estate to the grantor in a deed not signed by the grantor's wife, there must be some affirmative, voluntary act by the grantor for the purpose of putting the grantee in possession, and this act must be done by reason of and on account of the deed, and must be one which would not have been done but for the deed; and the death of the grantor is not such an act.

5. DEEDS—*when deed is not testamentary.* A deed warranting and conveying to grantor's grandson a farm, in which the grantor reserved a life estate for himself and his wife or the survivor, the grantee to live with and care for the grantor and his wife and the title to vest absolutely in the grantee at the death of the survivor, "but not before," is not a testamentary instrument but a deed vesting title in the grantee subject to the life estate reserved, and merely postponing his right of possession until the death of the survivor.

APPEAL from the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding.

E. J. HAINER, and FRANK P. DRENNAN, for appellant.

JAMES M. TAYLOR, HUGH CREA, and HUGH W. HOU-SUM, for appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

On the 28th day of May, 1887, George Wickens was the owner of, resided on and had an estate of homestead in a quarter section of land in Christian county, Illinois, and on that date he executed and delivered to his grandson, Henry Martyn Owen, a conveyance of the land, the instrument, so far as material, being in the following language:

"The grantor, George Wickens, of the town of Buckhart, in the county of Christian and State of Illinois, for and in consideration of love and affection and one dollar in hand paid, conveys and warrants to Henry Martyn Owen, of the town of Buckhart, county of Christian and State of Illinois, the following described real estate, to-wit: The north-west quarter of section 1, twp. 14, N., range 2, west of the third principal meridian, and containing 160 acres, more or less.

"The grantor reserves to himself and his wife, Rebecca Ann Wickens, the use and occupation of said lands as their homestead for and during their natural lives and during the life of the survivor of them, and also all the rents, issues and profits thereof during their natural lives and during the life of the survivor of them. It being expressly understood and agreed by and between the parties hereto that the said grantee, who is the grandson of said grantors, shall live with as a son, aid and assist, care for in sickness and old age, as a son should, the said grantors, and at the death of the survivor of said grantors the title and interest in said lands shall vest absolute in said grantee, but not before,—said lands being situated in the county of Christian, in the State of Illinois."

In the preparation of this instrument an ordinary blank form of a warranty deed was used; the clause waiving and

releasing the right of homestead was stricken out; the cer-
tificate of acknowledgment contained no reference to the
homestead estate. Rebecca Ann Wickens, the wife of the
grantor, did not sign the deed. George Wickens died in-
testate on the second day of March, 1894, and his wife on
August 10, 1901. Three children of George Wickens, who
were his only heirs, to-wit, James Wickens, Mary Owen and
Olive Venters, the appellant, were living at the death of the
mother. On the 22d day of August, 1902, Mary Owen died
intestate, leaving her surviving Oscar J. Owen, her husband,
and Henry Martyn Owen, Joseph E. Owen, Harry R. Owen
and Jesse Owen, her only children and only heirs-at-law.

On August 30, 1901, in the circuit court of Christian
county, James Wickens filed his bill for partition of the land
conveyed by the foregoing deed, making his sisters, Olive
Venters and Mary Owen, Oscar J. Owen, the husband of
Mary, and Henry Martyn Owen, the grantee in said deed,
parties defendant. During the pendency of the suit Mary
Owen died, and a supplemental bill was filed which made
her children, other than Henry Martyn Owen, additional
parties defendant. The original and supplemental bills
prayed that the deed heretofore set out be removed as a cloud
upon the title, and that the premises be partitioned among
those to whom the title would have descended had that deed
not been executed. Answers to the bills, and replications
to the answers, were filed. Appellant, Olive Venters, filed
a cross-bill, attacking the deed to Henry Martyn Owen on
much the same grounds set up in the original and supple-
mental bills, and also charging that James Wickens was
estopped from claiming an interest in his father's estate by
the recitals in a deed theretofore executed to him by his
father, and which he, James Wickens, had accepted. An-
swers to the cross-bill, and replications to those answers,
were filed. A hearing was had before the chancellor, and
on the 12th day of January, 1905, the circuit court rendered
a final decree, dismissing the original and supplemental bills

for want of equity. The correctness of this part of the decree is not questioned in this court. The decree further found that the instrument above set forth was a deed and was a valid conveyance to Henry Martyn Owen of the lands therein described, except as to the estate of homestead in extent of the value of $1000, and that such homestead estate should be partitioned, one-half thereof to appellant and one-eighth thereof to each of the four heirs of Mary Owen, subject to the dower interest of Oscar J. Owen in one-half of the homestead estate of $1000. James Wickens was by the decree barred from any title or interest in the realty in dispute, and he has not assigned cross-errors. Olive Venters, complainant in the cross-bill, alone appeals, and here contends, in support of the averments of her cross-bill, as follows: First, the deed or paper writing made by said George Wickens to said Henry Martyn Owen was void because it was testamentary in its nature and was not attested by two witnesses, as required by the statute in relation to wills; second, the said deed or testamentary writing contained a condition precedent which was never performed by the grantee, and that for that reason the title to the land described therein never became vested in the grantee; third, the premises covered by said instrument constituted the homestead of the grantor and his wife, and not being signed or acknowledged by his wife it was inoperative to convey any interest therein, being in violation of the Homestead law of the State of Illinois.

An analysis of the instrument in controversy shows that it has the following characteristics: First, a granting clause containing the statutory words "warrant and convey;" second, a reservation of a life estate as a homestead, which obviously limits the effect of the granting clause; third, a provision—whether a condition precedent to be performed by the grantee or a covenant on the part of the grantee—to the effect that the grantee shall live with and care for the grantor and his wife during sickness and old age; fourth,

a provision that the "title and interest in said lands shall vest absolute in said grantee" at the death of the survivor of the grantors, "but not before."

The third contention of appellant is based on the theory that where creditors are not interested the householder may himself determine the extent of his homestead, and that as the instrument in question reserves the entire tract as a homestead, the court improperly limited the extent of that estate to $1000 in value. This reasoning is so obviously unsound as to be disposed of by an instant's reflection. Disregarding for the moment the reservations, this deed, if otherwise valid, would pass the entire title except the estate of homestead. The only reason it would not pass that estate is because it did not meet the requirement of our statute pertaining to the execution and acknowledgment of a deed for the conveyance of the homestead estate. These requirements, however, only apply to a homestead estate in extent of the value of $1000. The parties to the deed could not, by agreement, increase the extent of the estate which would be within the protection afforded by the statute. It is conceded that the land conveyed by the instrument was worth several times the amount of the statutory homestead, and, unless the document is testamentary in its character, the law is that the excess above the statutory homestead estate passes.

As to the other contentions, the grantor reserves out of the grant already made a life estate for himself and wife and for the survivor of them, showing thereby all but conclusively that he understood that but for the reservation the title, at the delivery of the deed, would be fully vested in the grantee, with both the right of possession and the legal title; and so long as the reservation was not as broad as the grant, it is plain that the grantor must have understood that, notwithstanding the reservation, there was an interest in the property upon which the granting clause would operate. As to the provision that "at the death of the survivor of said

grantors the title and interest shall vest absolute in said grantee, but not before," it is obvious that the grantor did not regard this as testamentary. Had he so regarded it there would have been no reason for the language in the earlier part of the deed reserving the life estate. Two things, at least, George Wickens clearly perceived in the making and delivery of this instrument to his grandson: First, the interest which he kept for himself and his wife; and second, the interest which he intended for the grantee in the deed. The same conveyance was used to fix these interests, and by it he provided that the grantee's "title and interest should not vest" until the death of the grantor and his wife, using the words "vest" and "title," as we think, not in their technical signification, but rather to indicate that the grantees should come into the possessory enjoyment of the property only upon the death of the grantor and his wife. The clause containing those words was evidently intended either to aid in creating a condition precedent or to safeguard the life interests reserved by the instrument. In our judgment the instrument in controversy is a deed. This conclusion finds warrant in the following authorities: *Shackelton* v. *Sebree,* 86 Ill. 616; *Harshbarger* v. *Carroll,* 163 id. 636; *Bowler* v. *Bowler,* 176 id. 541.

We do not think it necessary to determine whether the various provisions of the deed made of the requirement, that the grantee should live with and care for the grantor and his wife during their sickness and old age, a condition precedent to the vesting of the title or a mere covenant to be performed by the grantee. We are convinced, from a careful consideration of the evidence, that the grantor and his wife were fully satisfied with the manner in which the grantee complied with this provision of the deed. The condition or covenant was of a personal and elastic character, and the judgment of a court ought not, except upon the plainest grounds, be substituted for that of the grantor and his wife.

Henry Martyn Owen has assigned cross-errors questioning that part of the decree which partitions the statutory homestead, on the ground that possession of the entire tract of realty was given him pursuant to the conveyance. The circuit court found that George Wickens removed from the lands described in the deed to the city of Decatur, Macon county, Illinois, in January, 1889; that he there purchased a homestead and lived upon the property so purchased, with his wife, until his death, and that she continued to reside there during the remainder of her life. It cannot be said that because George Wickens ceased to occupy the farm as a homestead and acquired another homestead he thereby gave possession to Henry Martyn Owen "pursuant to the conveyance." While the grantor and his wife ceased to be the actual occupants of the residence on the land in controversy, the possession of the farm was still retained by George Wickens and his wife after they removed to Decatur. The possession was not abandoned by them nor given by them to Henry Martyn Owen, within the meaning of section 4 of chapter 52 of Hurd's Revised Statutes of 1905. To satisfy this statute, some affirmative, voluntary act of the grantor is required done for the purpose of or with a view of admitting the grantee to the possession, and this act must be one done by reason of or on account of the conveyance, and must be one which would not have been done except for the conveyance having been made. (*Coon* v. *Wilson,* 222 Ill. 633.) Death is not such an act.

Partition of the statutory homestead was properly awarded.

The decree of the circuit court will be affirmed.

*Decree affirmed.*

Mr. JUSTICE FARMER took no part in the decision of this case.