DICK MORGAN *et al.* Defendants in Error, *vs.* ELI POE *et al.* Plaintiffs in Error.

*Opinion filed April 18, 1912.*

1. DEEDS—*effect of deed to grantor's wife and children where possession is not given.* The legal effect of a warranty deed from the grantor to his wife and children, in which the wife did not join and where possession is not given, is to make the grantor and grantees tenants in common; and the fact that the grantor rents the land in his own name does not amount to a delivery of possession to the grantees, as the possession of the lessee is the possession of the co-tenants according to their respective interests.

2. SAME—*when there is no abandonment or giving possession pursuant to deed.* Where a land owner makes a warranty deed to his wife and children, in which the wife does not join, and the grantor continues to control the possession of the land as its owner after the execution of the deed the same as before, renting the land in his own name or living thereon with his family, there is no abandonment or giving of possession pursuant to the deed. (*Coon v. Wilson,* 222 Ill. 633, distinguished.)

3. SAME—*when there is no conveyance of homestead estate.* A warranty deed from the grantor to his wife and children, in which the wife does not join, does not convey the estate of homestead unless possession is abandoned or given pursuant to the deed, in accordance with section 4 of the Exemptions act.

WRIT OF ERROR to the Circuit Court of Massac county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

H. A. EVANS, for plaintiffs in error.

O. R. MORGAN, for defendants in error.

W. L. KRONE, guardian *ad litem.*

Mr. JUSTICE DUNN delivered the opinion of the court:

John T. Francis was the owner of 120 acres of land in Massac county, worth more than $1000, on which he resided with his wife and five minor children. On July 27, 1899, he made a warranty deed of conveyance of this land to his wife and children and two weeks later moved with them to Oklahoma. His wife did not join in the deed, and the only question about which the parties in this case disagree is whether or not the deed conveyed the estate of homestead. Two of the children, grantees in the deed, died, and one conveyed her interest to the defendant in error Dick Morgan. The father inherited from the deceased children, and on March 9, 1911, he and his wife conveyed their undivided interest in the land to the plaintiffs in error, Eli Poe and Charles Kivitt. This deed conveyed the one-sixth interest conveyed to Mrs. Francis by the deed of July 27, 1899, the interest inherited by her and by John T. Francis from the deceased children, and also the estate of homestead which John T. Francis still retained if it had not been conveyed by his deed of July 27, 1899. In a proceeding for the partition of the land the circuit court of Massac county decreed that the estate of homestead was conveyed by that deed, and Poe and Kivitt, the grantees in the later deed, have sued out a writ of error to reverse that decree.

It is conceded that the deed did not convey the estate of homestead unless possession was abandoned or given pursuant to it, in accordance with section 4 of the Exemption act. The evidence shows no disagreement about the facts. When John T. Francis went to Oklahoma, two weeks after making the deed, he rented the land. The next June he learned that his tenant had abandoned the farm, and he then returned with his family and lived on the land for two years. The reason of his staying there so long was the illness of an aunt, whose only relative he was, and after

her death he bought a farm in Arkansas, in October, 1902, to which he removed with his family. He lived in Arkansas until June, 1907, when he sold his farm there and again returned with his family to the Massac county farm, where he lived until the following May, when he went to New Mexico and entered a homestead, upon which he has since resided with his family. The land was rented in his name and he collected the rent and paid the taxes. He testified that he rented the land for his wife and children and himself, so that they could all live, and used the money that he received from the rent for them, trying to find a healthy place so that he could keep them alive.

There was no abandonment or giving of possession pursuant to the deed. The grantor continued to control the possession of the land, as its owner, after the execution of the deed the same as before. He rented the land continuously in his own name and the possession of the tenant was his possession. His action was consistent with his retaining the estate of homestead. His testimony is that he rented the land for his wife and children and himself, but if he had testified that he rented it as their agent, only, it would be only the statement of a legal conclusion. The only act shown is the renting in his own name, and this cannot be regarded as a giving of possession pursuant to the deed. The legal effect of the deed, without the giving of possession, was to make the grantor and grantees tenants in common, and the renting of the land by one of the tenants in common, in his own name, could not amount to a delivery of the possession to his co-tenants. The possession of the lessee was the possession of all the co-tenants according to their respective interests. The case is not like that of *Coon* v. *Wilson,* 222 Ill. 633, for there the homestead premises included in the conveyance were rented in the name of the grantee and not of the grantor. A case more nearly similar is that of *Venters* v. *Wickens,* 224 Ill. 569, where the grantor in a conveyance which did not re-

lease the homestead ceased to reside upon the premises but continued to occupy them through a tenant. Whether the right of exemption was lost to John T. Francis by his ceasing to occupy the land as a residence is not material. The question is whether possession was abandoned or given pursuant to the conveyance.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*