Jan Rogowski and Aniela Rogowski, His Wife, Plaintiffs-Appellees, v. Howard A. Nelson and Stella Nelson, His Wife, Defendants-Appellants.

Gen. No. 53,187.

First District.

June 26, 1970.

William T. Regas, of Chicago, for appellants.

S. J. Be-Hannesey, of Chicago, for appellees.

TRAPP, J.

Defendants appeal from a decree of the Circuit Court granting specific performance of a contract to purchase real estate and ordering defendants, herein designated "sellers," to convey the property, which they occupied as a residence, to the plaintiffs, herein designated "buyers."

Sellers contend:

(1) That the trial court reformed the contract by requiring insertion of a release and waiver of homestead without any pleadings seeking reformation or any evidence to support reformation.

(2) That the court ignored the affirmative defense of homestead which was admitted by the pleadings.

(3) That buyers failed to comply with the terms of the contract in that:

(a) there was no tender of the purchase price in proper form;

(b) there was no tender of the correct amount of the purchase price;

(c) there was failure to give notice of a closing date as provided by the contract; and

(d) there was a failure to supply sellers with buyers' mortgage commitment required by the contract.

454

(4) That the court ignored a binding order entered by a previous trial judge that a homestead existed.

(5) That an estate of homestead can be extinguished only in the manner provided by statute, that is, by specific waiver in writing acknowledged in the manner provided for acknowledgment of deeds, as required by chapter 52, § 4 and chapter 30, § 26, Ill Rev Stats 1965.

The evidence before the court included the testimony of the buyers and the participating real estate agent, as well as documentary exhibits. The sellers did not cross-examine any of the witnesses or present any evidence in their own behalf.

The facts without dispute are: that sellers, who are husband and wife, by a written agreement of January 7, 1967, appointed Ben Friend Realty Co., as their exclusive agent for sale of their residence located at 8043 West Church Street, Niles, Illinois, including in the listing wall-to-wall carpeting in the living room and dining room, and a built-in oven and range and an agreement to give possession 60 days after closing; that buyers, in response to an advertisement, went to the real estate agency and were taken to the premises and shown the house by Stella Nelson at a time when Howard Nelson was also in the house; that a contract for purchase for $34,500, prepared by the broker, was signed by all parties and a payment of $3,400 earnest money was made by the purchasers; that the agreement added carpeting in the hall and combination aluminum storms and screens to the items detailed in the listing, and provided for a stamped warranty deed "subject only to general real estate taxes for the year 1966–67, special taxes or assessments for any improvements not yet completed, conditions and restrictions of record, zoning and building laws or ordinances, party wall rights or agreements, if any; roads and highways, if any; and existing leases . . ."; that the agreement called for a merchantable title and that sellers would "vacate, surrender and

455

deliver the premises to me on or before 60 days after date of closing"; that the agreement provided that the sellers were to pay $6 per day for each day of occupancy after closing and a penalty of $300 if sellers did not vacate in the 60 days.

It was also undisputed that a seller, Stella Nelson, advised a buyer, Aniela Rogowski, that she had changed her mind and would not sell and that a seller, Howard Nelson, advised his agent, Ben Friend, that his wife had changed her mind and they would not sell.

Buyers obtained a commitment for a loan of $10,000 from Fairfield Savings and Loan Association on April 17, 1967, and buyers' attorney, on April 19, 1967, notified sellers of this commitment by registered mail. The letter was received by sellers April 20, 1967.

Upon sellers' first contention that reformation of the contract to include a waiver of homestead is not presented as an issue by any pleading, it is sufficient to note that the Civil Practice Act provides that all defects not objected to in the trial court are waived. Chapter 110, § 42(3), Ill Rev Stats 1965. There is nothing in the record to indicate that sellers presented this question to the trial court, and accordingly it would not be subject to argument here. Investors Commercial Corp. v. Metcalf, 13 Ill App2d 99, 104, 140 NE2d 924. Additionally, all questions of defense to the merits were presented and neither any of the issues nor evidence presented took sellers by surprise. If amendment of the pleadings had been necessary, the trial court, on the question being presented, undoubtedly would have permitted it. Buyers did pray for general equitable relief. We note that in Hedrick v. Donovan, 248 Ill 479, 94 NE 144, the relief here requested was granted without reformation. Finally, there is merit in buyers' contention that the contract called for possession and vacation of the premises which was agreed to be done pursuant to the conveyance within 60 days, and such con-

tract, if carried out by the parties according to its terms, would have eliminated the homestead. As evidence of intent, it was abundantly clear that the provisions for vacation of the premises, transfer of the wall-to-wall carpeting, built-in oven and range and the aluminum storm windows and screens contemplated transfer of the homestead to the buyers, and a failure of the agent to make this intent clear as a technical matter was a failure to express the intent of the parties at the time of signing, and resulted in a mutual mistake as determined by the trial court.

■ As to the second contention that the affirmative defense of homestead was admitted by the pleadings, we disagree. The pleadings do admit that the contract did not include an express waiver of the estate of homestead in specific terms and that the agreement was not acknowledged, but the sellers' conclusions from those facts are not admitted. The complaint further asserted the right to enforcement of the contract according to its terms, including delivery of possession and evidence of merchantable title.

■■ The sellers' third contention that buyers did not perform four conditions precedent is without merit. The evidence is uncontradicted that sellers first refused to perform. Such repudiation entitled the buyers to bring a suit for specific performance without tender upon allegation of readiness and willingness to perform. Bonde v. Weber, 6 Ill2d 365, 380, 381, 128 NE2d 883. This applies equally to notice of a closing date. As to the claim that buyers only gave notice of obtaining the mortgage commitment rather than forwarding the actual commitment, it is undisputed that the commitment was obtained. The contract does not call for notice, but notice of the fact and the place where it could be verified was given.

■ As to the contention that the order of the motion judge denying the motion to dismiss was a final deter-

mination of the issues as to homestead, we disagree. The order denied the motion to dismiss, and the alternative motion to strike the complaint, and granted leave to sellers to raise the subject matter of the motion by answer. Since no part of the motion was allowed, it is difficult to see how the order could result in the determination of an issue against the opposing party.

We reach the main contention of sellers that only by the use of the mechanical devices provided by statute can the estate of homestead be eliminated. Chapter 52, § 4, Ill Rev Stats 1965, is in part, as follows:

> "No release, waiver or conveyance of the estate so exempted, shall be valid, unless the same is in writing, subscribed by the householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, or possession is abandoned or given pursuant to the conveyance; . . . ."

Chapter 30, § 26, Ill Rev Stats 1965, is as follows:

> "No deed or other instrument shall be construed as releasing or waiving the right of homestead, unless the same shall contain a clause expressly releasing or waiving such right. And no release or waiver of the right of homestead by the husband shall bind the wife unless she joins in such release or waiver."

Sellers cite Wiegand v. Wiegand, 410 Ill 533, 103 NE 2d 137, which, in fact, holds that a court of equity in a partition suit, in order to avoid the injustice of an impasse, may ignore the statutory provision that no homestead may be sold without the written consent of the one entitled to the homestead. There the court did order the value of the homestead paid to the owner. However, the case definitely established the power of a court

458

of equity to override the statutory language. Sellers cite Holterman v. Poynter, 361 Ill 617, 198 NE 723, which holds that a direction by an execution debtor to the sheriff to levy on land first is not in itself a waiver of homestead.

Sellers also cite Redfern v. Redfern, 38 Ill 509, 512; Best v. Gholson, 89 Ill 465, 468, and Stodalka v. Novotny, 144 Ill 125, 130, 131, 33 NE 534, which unquestionably support sellers' position.

On the other hand, Brown v. Coon, 36 Ill 243, and Coon v. Wilson, 222 Ill 633, 78 NE 900, and Phillips v. Gannon, 246 Ill 98, 107, 92 NE 616, support the position that possession delivered pursuant to conveyance, even if not at the same time as the conveyance, is an extinguishment of homestead.

In support of buyers' position, is Hedrick v. Donovan, 248 Ill 479, 94 NE 144, where there was a contract with an agent to sell and transfer a certain tract of land and also a contract to sell made by the seller's agent with the buyer. Neither contract mentioned homestead in any way. Neither contract was acknowledged. Without elaborate discussion, the court sustained a decree ordering conveyance including the homestead. Three judges dissented, saying the conveyance should be "subject to the homestead."

■ In Ackerberg v. Dies, 269 Ill 392, 109 NE 1021, where the contract called for waiver of homestead but was not acknowledged as required by statute, the court ordered the transfer including the homestead. The court said, at p 395:

> "The principal point raised and argued by the appellants is, that as the contract which provided for the conveyance of the homestead estate was not acknowledged the decree should not have provided for a release of the homestead and an acknowledgment thereof. Appellee, in his contention

that the decree properly required the conveyance together with the release and waiver of the homestead estate and an acknowledgment thereof, relies upon Hedrick v. Donovan, 248 Ill 479. Appellants rely upon Stodalka v. Novotny, 144 Ill 125, and, in effect, ask us to overrule the holding in Hedrick v. Donovan, supra. This identical question was involved in Hedrick v. Donovan, and was there decided contrary to the contentions of appellants. We adhere to the decision arrived at in that case, and therefore hold that that part of the decree requiring appellants to make the conveyance, together with the release and waiver of their homestead estate, was proper."

■ Sellers finally contend that even if specific performance may be had, they are entitled to $5,000 added to the purchase price for the value of the homestead. Since we find that the decree ordering the conveyance is supported by the evidence as to the original intention of the parties and results only in carrying out that agreement, including vacation of the premises and delivery of possession within 60 days of the intended closing, it would be unconscionable to allow sellers to increase the agreed sale price by $5,000.

The decree of the Circuit Court should be affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.